UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61801-DIMITROULEAS/ROSENBAUM

CESAR MONELUS,

    Plaintiff,

v.

TOCODRIAN, INC.,
d/b/a Sun Fish Grill,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant Tocodrian, Inc.'s Motion to Compel Pursuant to Defendant's First Request for Production of Documents and First Set of Interrogatories to Plaintiff. [D.E. 14]. The Court has reviewed Defendant's Motion, Plaintiff's Response [D.E. 17], Defendant's Reply [D.E. 18], and the case file, and the Court has held a hearing on Defendant's Motion on April 25, 2008. This matter is now ripe for disposition.

### *I. Background*

Defendant Tocodrian, Inc., served its discovery requests on Plaintiff on February 4, 2008. D.E. 14, p. 1. By agreement, Plaintiff Monelus's responses to these discovery requests were due March 20, 2008. *Id.* No responses were forthcoming. *Id.* at 1-2. Consequently, Defendant contacted Plaintiff to inquire regarding Plaintiff's responses to the discovery. *Id.* at 2. When Plaintiff did not respond, Defendant filed the pending Motion to Compel on March 25, 2008.

On April 8, 2008, Plaintiff served his responses to Defendant's discovery requests. [D.E. 16].

He also filed his Response to Defendant's Motion to Compel. [D.E. 17]. The Response attributed the late discovery responses to "the inadvertent and excusable mis-calendaring of the due date for responses to the discovery [requests]." D.E. 17, p. 1. After reviewing Plaintiff's responses to the discovery requests, Defendant filed its Reply, complaining about the quality of Plaintiff's responses.

On April 15, 2008, I entered an Order setting this matter for hearing April 25, 2008. At the hearing, I asked Plaintiff's counsel to explain why Plaintiff had not timely responded to the discovery requests, and further, why it had taken Plaintiff an additional fourteen days to provide discovery request responses even after Defendant filed its Motion to Compel reminding Plaintiff that his discovery responses were overdue. To his credit, Plaintiff's counsel forthrightly conceded that the matter had "slipped between the cracks" and did not attempt to offer an excuse for the oversight. Plaintiff's counsel also candidly conceded that his failure to respond to Defendant's discovery requests, thereby necessitating Defendant's filing of its Motion to Compel, was not "substantially justified" under Rule 37, Fed. R. Civ. P., nor did other circumstances make an award of expenses unjust. Additionally, Plaintiff's counsel took responsibility for the error and stated that any award of fees should be made against him and not his client. The Court considered the statements of Plaintiff's counsel and found that a reasonable fee for Defendant's extra efforts was $500.00.

The parties then had an opportunity to confer regarding a possible resolution of the issues raised by Defendant's Reply brief. The parties agreed that Plaintiff would withdraw his objections to Defendant's discovery requests and fully respond by May 23, 2008. Finally, Plaintiff requested that the fee imposed as a result of the conduct necessitating Defendant's filing of its Motion to Compel be made payable at the end of the litigation. Based on Plaintiff's counsel's forthright and cooperative conduct before the Court, I granted Plaintiff's request and made the fee payable at such

time that judgment is entered or the case is dismissed. This Order memorializes the law supporting the Court's rulings.

## *II. Analysis*

As noted above, Defendant seeks sanctions, fees, and costs associated with filing its Motion to Compel. Rule 37(a)(4), Fed. R. Civ. P., provides the framework for consideration of Defendant's request. Rule 37(a)(4) provides, in relevant part,

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In discussing the intent of Rule 37(a)(4), the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *See also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

In this case, Plaintiff's counsel has readily conceded that he has not satisfied his burden. Moreover, the Court's independent review of the circumstances leading Defendant to file its Motion

to Compel, as well as Plaintiff's untimely response to the discovery requests two weeks after Defendant filed its Motion to Compel, leads the Court to arrive at the same conclusion.

In view of the lack of justification for Plaintiff's non-compliance, Defendant's attempts to resolve the situation outside of Court, the additional passage of two weeks between Defendant's filing of its Motion to Compel and Plaintiff's service of his discovery responses, and the absence of circumstances making an award of expenses unjust, Rule 37(a)(4) requires the Court in this case to impose upon Plaintiff sanctions in the form of costs and fees incurred by Defendant in filing its Motion to Compel. Thus, the Court must consider the proper apportionment of these costs and fees between Plaintiff's counsel and Plaintiff. *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1160-63 (11th Cir. 1993). Based on Plaintiff's counsel's representations to the Court during the April 25th hearing, the Court finds that the fees and costs should be imposed on counsel and not on Plaintiff.

### *III. Conclusion*

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Compel is **GRANTED** in accordance with the terms of this Order. Plaintiff's counsel shall pay Defendant the sum of $500.00 upon the entry of judgment or dismissal of this case. Additionally, Plaintiff shall serve full and complete answers to Defendant's discovery requests by May 23, 2008.

**DONE AND ORDERED** this 25th day of April, 2008.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William P. Dimitrouleas
Counsel of Record