UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61801-CIV-DIMITROULEAS/ROSENBAUM

CESAR MONELUS,

    Plaintiff,

vs.

TOCODRIAN, INC., d/b/a/ Sun Fish Grill,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant's Verified Motion to Tax Costs [D.E. 44] based upon an Order of Reference [D.E. 45] entered by the Honorable William P. Dimitrouleas pursuant to 28 U.S.C. § 636. Upon review of Defendant's Motion and the Court file, the Court recommends that Defendant's Verified Motion to Tax Costs [D.E. 44] be granted in part and denied in part as set forth herein.

*I. BACKGROUND*

Plaintiff Cesar Monelus ("Plaintiff") filed this case, alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq*.) for alleged overtime violations. [D.E. 1]. Specifically, Plaintiff asserted pursuant to the provisions of 29 U.S.C. § 207 (a)(1) that his former employer, Defendant Tocodrian, Inc., d/b/a Sun Fish Grill ("Defendant"), failed to compensate him and others similarly situated, for unpaid overtime labor. *Id*.

After Defendant filed an answer and in the midst of the discovery period, on May 2, 2008, Plaintiff's counsel filed a Motion to Withdraw due, in part, to Plaintiff's failure to cooperate in the

litigation of this matter. [D.E. 27]. On May 21, 2008, the Court granted counsel for Plaintiff's Motion [D.E. 30]. No other counsel has since filed an appearance on behalf of Plaintiff. Thus, Plaintiff became a *pro se* litigant.

On November 14, 2008, Defendant filed a Motion for Summary Judgment [D.E. 32]. Plaintiff failed to file a response. As a result, the Court issued an Order to Show Cause on December 8, 2008, requiring Plaintiff to show cause no later than December 15, 2008, why Defendant's Motion should not be granted. [D.E. 37]. Again, Plaintiff failed to respond to the Court's Order to Show Cause. Consequently, on December 16, 2008, the Court issued an Order Granting Defendant's Motion for Summary Judgment [D.E. 40] and a separate Final Judgment in favor of Defendant [D.E. 41].

On January 14, 2009, Defendant timely filed its Verified Motion to Tax Costs [D.E. 44] and a Bill of Costs [D.E. 44-2], the items pending before the Court in this Report. In its Motion, Defendant requests reimbursement for a total of $1,179.46, which Defendant asserts is comprised of the following costs: $95.00 in service of process fees; $268.85 in photocopying costs; and $815.61 in court reporter fees. *Id.* Additionally, Defendant seeks payment of interest flowing from the date of the Court's Final Judgment, on December 16, 2008, on any and all costs taxed by the Court. *Id.* In support of its Motion, Defendant also submitted the following information: two invoices from All Broward Process Corp., for service on Plaintiff, one invoice dated September 30, 2008, in the amount of $35.00, and the other invoice dated November 17, 2008, for $60.00, a photocopying counter record with various entries, including some for "Sunfish Grill," and an invoice from the National Reporting Service dated October 31, 2008, for the deposition of Plaintiff for the amount of $815.61. *Id.* Defendant indicated that it served its Motion on Plaintiff via U.S. mail at the address

5962 N.W. 20th St. Lauderhill, FL 33308, on January 14, 2009. *Id.*

Plaintiff's response to Defendant's Motion was due on February 12, 2009, but he failed to respond. As a result, on February 5, 2009, the Court issued an Order to Show Cause to Plaintiff. [D.E. 46]. The February 5th Order to Show Cause required Plaintiff to respond to Defendant's Motion by February 12, 2009, and stated "Plaintiff's failure to comply with this Order may constitute grounds for the Court to grant Defendant's Verified Motion to Tax Costs [D.E. 44] by default." *Id.* The Court sent this Order to Show Cause and a copy of Defendant's Motion by certified mail to Plaintiff at the same address indicated in Defendant's Motion, and received the certified mail receipt back with the name "Monelus Cesar" signed in the signature block, and the date of February 12, 2009, stamped on the card, confirming that Plaintiff received the Defendant's Motion and the Court's February 5th Order to Show Cause.

Despite Plaintiff's receipt of these items, on February 12, 2009, Plaintiff did not file a response to the Court's February 5th Order to Show Cause. Therefore, on February 17, 2009, the Court issued a Second Order to Show Cause to Plaintiff. [D.E. 47]. The February 17th Second Order to Show Cause required Plaintiff to respond by March 3, 2009, and warned that "if Plaintiff fail[ed] to respond timely to this Second Order to Show Cause, the Court *shall* grant Defendant's Verified Motion to Tax Costs [D.E. 44] by default." *Id.* (emphasis in the original).[1] Once again, Plaintiff failed to respond to the Court's Second Order to Show Cause by March 3, 2009.

As of today's date, the Court has not received any response from Plaintiff to Defendant's

---

[1] The Court sent its February 17th Second Order to Show Cause and a copy of Defendant's Motion via certified mail to Plaintiff to the same address as indicated in Defendant's Motion on February 18, 2009. This mailing was returned to the Court as undeliverable by the U.S. mail.

3

Motion. The Court now considers the reasonableness of Defendant's Motion on its face, in light of the relevant statute and case law.

## *II. ANALYSIS*

**A.   Standard for Taxation of Costs**

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[2] Congress has delineated which costs are recoverable under Rule 54(d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co.*, 482 U.S. at 440-44. The Court, however, may not tax as costs any items not authorized by statute. *Id.*; *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("EEOC"); *Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).[3] When

---

[2]   Rule 54(d)(1) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." R. 54, Fed. R. Civ. P.

[3]   Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and

challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).

In this case, Defendant is the prevailing party. Consequently, Defendant is presumptively entitled to an award of costs.

**B.     Specific Costs Sought**

In the pending Motion, Defendant seeks $1,179.00 in taxable costs. [D.E. 44]. Although Plaintiff has failed to object to the costs set forth in Defendant's Motion, the Court nonetheless reviews each category of the items sought in the Defendant's Motion, and whether Defendant can properly receive monies for these categories of costs under the statute.

**1.     Fees for Service of Subpoena and Defendant's Motion for Summary Judgment**

According to case law, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921 [of the statute]." *EEOC*, 213 F.3d at 624 (holding private process server fees may be taxed under § 1920); *see, e.g., Lovett v. KLLM, Inc.*, 2007 WL 983192, * 7 (N.D. Ga. March 26, 2007). Fees, however, should not exceed the statutory fees authorized in § 1921. *Id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). The statutory limit set forth in 28 C.F.R. § 0.114 provides that fees charged by the United Sates Marshals Service for personal service of process shall be $45.00 per hour (or portion thereof). Private process server fees for service of subpoenas are

---

salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

5

similarly recoverable. *See Dominguez v. Metro. Miami-Dade County*, 2005 WL 5671499, *3 (S.D. Fla. Apr.15, 2005) (holding costs of service of subpoenas recoverable); *For Play Ltd. v. Bow to Stern Maint., Inc.*, 2006 WL 3662339, * 10 (S.D. Fla. Nov. 6, 2006) (allowing private service processor fee averaging $28.73 per service).

In this case, Defendant requests a total of $95.00 in costs incurred for the service on Plaintiff of a subpoena for his deposition and Defendant's Motion for Summary Judgment. [D.E. 44, 44-2]. Defendant asserts that these charges are recoverable because § 1920 allows for the recovery of costs incurred for the service of process in general. *Id*. Moreover, Defendant argues that the Eleventh Circuit has consistently held that § 1920(1), read in conjunction with § 1921, authorizes this Court to tax private process servers' fees as costs, provided that rates do not exceed the cost of having the U.S. Marshal's Service effectuate the process. *Id*.

Defendant asserts that the September 30th invoice by the private process server for $35.00 was for the service of the subpoena for Plaintiff's deposition and falls below the $45.00-per-hour cost charged by U.S. Marshal. *Id.* Thus, Defendant concludes, the $35.00 is a recoverable cost under the statute and should be taxed against Plaintiff. *Id.*

Furthermore, regarding the cost for the service of Defendant's Motion for Summary Judgment on Plaintiff, Defendant also argues that this cost is recoverable. *Id.* While Defendant admits that the private process server charged $60.00 for serving the Summary Judgment Motion, as reflected in the November 17, 2008 invoice, Defendant contends that this higher cost was justified because it took the process server numerous attempts, and, thus, significant amounts of time, to serve Plaintiff. *Id.* As a result, Defendant avers that if a U.S. Marshal had been used, the U.S. Marshal's Service would have charged more than $60.00 for service. *Id.* Additionally, Defendant indicates

that due to Plaintiff's past failures to participate in the case, Defendant had to make personal service of the Summary Judgment Motion to ensure and verify receipt by Plaintiff. *Id.* In fact, Defendant points out that the Honorable William P. Dimitrouleas cited to Defendant's proof of service in his Order Granting Defendant's Motion for Summary Judgment, as evidence that Plaintiff had been served, but had not filed a response to the motion. *Id.*; *see* D.E. 40, at 1 n.1. In light of these circumstances, Defendant concludes that Plaintiff should be taxed for a total of $95.00 in costs for private process server fees.

As indicated above, Plaintiff filed no response to Defendant's Motion. Consequently, Plaintiff does not dispute the specific amounts of the costs sought by Defendant.

After review of the statute, case law and Defendant's arguments, the Court finds that the $95.00 in costs sought by Defendant are recoverable under the statute. First, the service by a private process server is recoverable under the statute and case law. Second, while the Court acknowledges that it is generally unnecessary to use a private process server to serve a motion on an opposing party here, Plaintiff is not represented by counsel and was *pro se* at the time of service of the subpoena and Defendant's Motion for Summary Judgment. Furthermore, as indicated by the case file, Plaintiff has failed on numerous occasions to respond to the Court's Orders, thus, making proof of notice particularly important to Defendant and the Court. Though service of Defendant's Summary Judgment Motion amounted to more than $45.00, the Court agrees with Defendant that a higher cost of $60.00 was justified and appropriate in light of the specific facts of the case, and based on Defendant's explanation of the $60.00 charge, the Court finds that the private service actually cost less than the $45.00-per-hour rate charged by the U.S. Marshal. In view of the circumstances of this case, the Court holds that it was reasonable and necessary for Defendant to employ a private process

server in serving the subpoena and Defendant's Motion for Summary Judgment on Plaintiff. Accordingly, the Court recommends that Defendant recover **$95.00** in costs associated with service on Plaintiff.

### 2.     **Photocopying Costs**

With respect to the photocopying costs claimed by Defendant, the Court notes that the costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11th Cir. 1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.* 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993). As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary. *Helms*, 808 F. Supp. at 1570 (citing *Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D. Ga. 1992)); *see, e.g., Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (copies of checks paid to copy service companies without explanation of underlying charge were not properly charged). Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue. *See, e.g., Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to

provide description of copies, including why rates paid reasonable or how expenses related to case).

In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents. *Helms*, 808 F.Supp. at 1570; *Desisto College, Inc.*, 718 F.Supp. at 913; *Guetzloe Group, Inc.*, 2007 WL 2479335 at *4; *Gupta v. Walt Disney World Co.*, 2007 WL 2002454, *3 (M.D. Fla. July 5, 2007) (citing *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). Similarly, general copying costs without further description are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (losing party "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's Xerox machines"). The costs associated with copying documents for the purpose of providing them to the court, however, are reimbursable. *Wells v. Xpedix, A Div. of Int'l Paper Co.*, 2007 WL 4206684, *2 (M.D. Fla. Nov. 27, 2007) (copying of deposition transcript provided to court are recoverable). Likewise, a prevailing party may recover costs of copies produced to opposing counsel. *See EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. at 913. Thus, a party must demonstrate that copies were necessarily obtained for a reimbursable use in the case. *Id.*; *Desisto College, Inc.*, 718 F.Supp. at 910, n.1; *Guetzloe Group, Inc.*, 2007 WL 2479335 at*4 (denying costs where prevailing party failed to itemize what copies were for and show copies necessary to case); *For Play Ltd. v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, * 10 (S.D.Fla. Nov. 6, 2006) (denying costs where moving partying submitted no evidence to determine that copies were necessarily obtained for use in case).

Here, in support of the costs for photocopying, Defendant asserts in its Motion that it seeks $268.85 for 1,415 copies at $.19 per page. [D.E. 44, 44-2]. Defendant explains that these copies

include copies made of correspondence with opposing counsel, copies for documents electronically filed with the Court (one copy only) and hand-filed with the Court, and copies retained by counsel. *Id.* To support these photocopying costs, Defendant also submitted a photocopier counter record. *Id.* Defendant contends that all of these photocopying costs are recoverable under the statute and should be taxed against Plaintiff. As Plaintiff has not filed a response, Plaintiff has not objected to any of these costs.

In its review of Defendant's photocopying counter record in support of its photocopying costs, the Court notes that the record includes column titles of "Group Name" and "Total Copy Counter." [D.E. 44, 44-2]. Each group name is paired with a corresponding total copy count which appears to list the total number of copies billed to that particular group. *Id.* While some of the entries in the record are marked out by handwritten lines, the entries that are not marked out reveal the number of copies that appear to be associated with Defendant's client, Sun Fish Grill, under the group name "Sunfish Grill." *Id.* It appears that entries relating to Sun Fish Grill add up to 1,181 copies,[4] which at $.19 per page, totals $224.96 sought by Defendant as recoverable.

After considering Defendant's Motion and its photocopying counter record, the Court finds that based on Defendant's representations, the costs for photocopies made by Defendant for the purpose of correspondence with opposing counsel and filing documents with the Court are recoverable under the statute. While Defendant also represents that some of the costs were for "copies retained by counsel," [*see* D.E. 44, at 6], which may or may not be reimbursable, depending

---

[4] The Court has calculated and recalculated all the entries under Sun Fish Grill in the photocopying record and finds that it totals 1,181 copies, not 1,415 as indicated in Defendant's Motion. As a result, the Court will use 1,181 as the corrected anumber of total copies made and sought as recoverable by Defendant.

10

on the purpose, in view of the lack of objection from Plaintiff, the Court recommends the award of costs for all the 1,181 copies sought.

Defendant also requests that it be allowed to recover $.19 per page for all recoverable copies. [D.E. 44]. In making this request, Defendant relies on *Pawnbrokers and Secondhand Dealers Ass'n v. City of fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989), which held that $.25 per page was reasonable. *Id.* In view of the advances in technology, however, a review of more recent cases in the Eleventh Circuit indicate that a rate of $.10 to $.14 per copy is more reasonable. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 6 (M.D. Fla. Feb. 21. 2007) (reasonable rate of ten to fifteen cents per page); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (holding reasonable rate of ten cents per page for copying in Southern District; nineteen to fifteen cents per page as unnecessarily high without factual support for increased rate for higher in-house rate). Applying the higher rate of $0.14 per copy to each of the 1,181 reimbursable copies made by Defendant, the Court recommends that Defendant recover **$165.34** (1,181 copies x $.14 per page) for photocopying charges.

### 3. Court Reporter Fees

Pursuant to § 1920(2), costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* "Taxation of deposition costs is authorized by § 1920(2)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *U.S. v. Kolestar*, 313 F.2d 835, 837-38 (5th Cir. 1963)); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). As with photocopying costs, "[t]he question of whether costs of a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *W&O*, 213 F.3d at 621 (citing

*Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)).

While admission into evidence or use during cross-examination at trial tends to demonstrate that a transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable . . . ." *W&O*, 213 F.3d at 621; *see e.g., Kolestar*, 313 F.2d at 840 ("[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it [] is formally offered in evidence as such."). A court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." *W&O*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Further, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." *Lovett v. KLLM, Inc.*, 2007 WL 983192, * 6 (N.D. Ga. March 26, 2007) (citing *W&O*, 213 F.3d at 620-22). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success. . . ." *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 3 (M.D. Fla. Feb. 21. 2007) (citing *W&O*, 213 F.3d at 621).

Because the parties presumably have equal knowledge of the basis for each deposition, unlike costs relating to photocopies, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. *W&O*, 213 F.3d at 621 (citation omitted); *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. at 1571 ("since both parties should be aware of the reasons to take a deposition, [] the non-prevailing party should explain why the court should not grant that cost."); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. at 910 n.1.

Defendant also seeks to recover the court reporter appearance fees, transcripts and deposition costs for Plaintiff's deposition, including postage and handling costs, in the amount of $814.30.[5] [D.E. 44, 44-2]. The National Reporting Service invoice dated October 31, 2008, reflects the following charges: $95.00 for the court reporter's first hour appearance fee; $130.00 for two additional hours of the court reporter's appearance fee; $580.00 for an original transcript and copy of the transcript; and $8.50 for postage and handling. *Id.* Defendant supports its requests for these deposition costs by asserting that it used the deposition transcripts throughout the course of litigation and in preparation for trial. [D.E. 44]. Specifically, Defendant indicates that it supported its successful Motion for Summary Judgment with the deposition testimony of Plaintiff. [D.E. 32]. Further, Defendant asserts Plaintiff's deposition testimony was needed for impeachment purposes if the case went to trial and to ascertain the basic facts of the case. *Id.* Plaintiff did not objection to the taxing of any of these costs, as he failed to file a response to Defendant's Motion.

Based on Defendant's representations regarding the uses of Plaintiff's deposition testimony, as a general matter, Defendant has demonstrated that Plaintiff's deposition was "necessarily obtained for use in the case." Furthermore, as Plaintiff has filed no response, Plaintiff has failed to meet his burden of showing that any portion of the deposition was not related to an issue which was present in the case at the time the deposition was taken. Accordingly, the Court finds that as an initial matter Defendant is entitled to costs incurred with respect to Plaintiff's deposition, but now must determine whether *all* costs associated with the deposition are recoverable under case law.

---

[5] The Court has calculated and recalculated all the entries on the October 31, 2008, invoice from the National Reporting Service submitted by Defendant, and finds that it totals $814.30 (95.00 + 130.00 + 580.80 + 8.50), not $815.61 as indicated on the invoice itself and relied upon in Defendant's Motion. As a result, the Court will use $814.30 as the corrected amount of costs for the deposition of Plaintiff sought as recoverable by Defendant.

Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21, 2007). Although some courts in this circuit allow for the recovery of delivery fees associated with transcripts, *see, e.g., Smith v. Quintiles Int'l*, 2007 WL 2412844, * 4 (M.D. Fla. Aug. 21, 2007) (holding postage and handing charged by court reporters to send copies of transcripts to counsel may be taxable) and *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (delivery fees are apart of the court reporter's fee and recoverable)*,* others have reached the contrary conclusion. *See, e.g., Preis v. Lexington Ins. Co.*, 2007 WL 3120268, * 4 (S.D Ala. Oct. 22, 2007) (such costs constitute "ordinary business expenses," not costs recoverable under Section 1920; *Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D. Ala. Sept. 13, 2007) (same); *Henderson v. Home Depot U.S.A., Inc.*, 2006 WL 4978430, *4 (M.D. Fla. July 6, 2006) (same); *Eggleston v. Bradshaw*, 2007 WL 1760912, *4 (S.D. Fla. June 18, 2007) (delivery and shipping fees denied as being for convenience of counsel); *University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1(S.D. Fla. March 13, 2007) (same).

A conflict also exists in this Circuit regarding whether the copies of deposition transcripts are a part of the court reporter's fee and, thus, taxable. *Compare Wells v. Xpedix, A Div. Of Int'l Paper Co.*, 2007 WL 4206684, *2 (M.D. Fla. Nov. 27, 2007)("copies of depositions for depositions" are recoverable); *Waste Serv., Inc. v. Waste Mgmt. Inc.*, 2007 WL 1174116, * 4 (M.D. Fla. Apr. 18, 2007) (copy of transcript from court report recoverable; rejecting argument that defendant could have gotten copy from co-defendant rather then court reporter) *with Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (copies of transcripts embedded in court reporter expenses are not recoverable); *see also Henderson v. Home Depot, U.S.A., Inc.*, 2006 WL 4978430,

*3 (M.D. Fla. July 6, 2006) (citing *Fulton Federal Savings & Loan Association of Atlanta v. American Insurance Co.*, 143 F.R.D. 292, 296 (N.D. Ga.1991) (expenses for copies, as opposed to originals, of depositions taken by the prevailing party are not normally recoverable but"[c]harges for a copy of a deposition taken by an opponent are recoverable")).

Here, the Court finds that under the statute and case law, Defendant's requests for fees relating to the court reporter's appearance fee at Plaintiff's deposition, totaling $225.00 ($95.00 + $130.00) is recoverable. While a conflict in the Eleventh Circuit exists regarding whether a party can recover for costs relating to a copy of a deposition transcript as well as the delivery fees for postage and handling of a transcript, in light of the Plaintiff's failure to object to these costs and some support in the case law for recovery of these costs, the Court finds that the $580.80 cost for the original transcript and the copy of the transcript and the $8.50 cost for postage and handling are recoverable by Defendant in this case. In summary, the Court recommends that Defendant recover for the costs relating to the court reporter's appearance fees ($225.00), transcript costs ($580.80), and postage and handling costs ($8.50), for a total of **$814.30** in fees relating to Plaintiff's deposition.

### 4. Post-Judgment Interest

Defendant, as the prevailing party in this case, is statutorily entitled to post-judgment interest pursuant to § 1961, which provides for interest on any money judgment recovered in district court in a civil case. 28 U.S.C. § 1961. Thus, the Supreme Court and the Eleventh Circuit have explained, "[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d at 1052 (citing *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir.

1988)); *see also Kaiser Aluminum & Chemical Co. v. Bonjorno*, 494 U.S. 827, 835 (1990). Section 1961(a) provides that the post-judgment interest rate is determined by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal Judges." 28 U.S.C. § 1961(a); *see also BankAtlantic,* 12 F.3d at 1052; *United States Securities and Exchange Commission v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003).

In this case, the Court entered Final Judgment on December 16, 2008. [*See* D.E. 41]. Thus, according to the Administrative Office of the United States Courts, the interest rate applicable for the week ending December 12, 2008, the week before the date of judgment, is 0.50%. This rate of interest should be applied to any award of costs, effective as of December 16, 2008, the date of the original Final Judgment for Defendant.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Verified Motion to Tax Costs [D.E. 44] be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be ordered to pay Defendant's costs in the amount of **$1,074.64,**[6] plus post-judgment interest at the rate of **0.50%**, accruing as of December 16, 2008, the date of the original Final Judgment for Defendant.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William

---

[6] Adding up the recoverable costs of $95.00 for use of the private process server, $165.34 for photocopying, and $814.30 for fees relating to Plaintiff's deposition, totals $1,074.64.

P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**FILED AND SUBMITTED** in Fort Lauderdale, Florida this 31st day of March, 2009.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
U.S. MAGISTRATE JUDGE

cc: The Honorable William P. Dimitrouleas
Counsel of Record

Cesar Monelus, *Pro Se*,
5962 N.W. 20th Street,
Lauderhill, FL 33308
(Via certified mail)